Miles F. McDonald, J.
In this personal injury action involving a three-car collision plaintiffs’ motion for summary judgment was denied as to the defendant Joshua McCain on the ground that issues of fact existed as to his liability to the plaintiffs. The motion for summary judgment was granted as to the defendant Arthur Pack. In granting the motion the court directed a severance of the action and an immediate assessment of damages as to the defendant Arthur Pack, to be followed by the entry of an appropriate judgment against him. __
Pursuant to the court’s decision, the attorney for the plaintiff now submits an order in accordance therewith. The defendant Pack, as against whom summary judgment was granted, objects to the entry of the order, claiming that if judgment is entered against him after the assessment of damages he would be deprived of his right to contribution as against his codefendant under section 211-a of the Civil Practice Act.
In Sonnenthal v. Hodes (11 A D 2d 645), the court stated as follows: “ Subdivision 5 of the rule 113 of the Buies of Civil Practice 'provides that the granting of summary judgment should be ‘ on such terms as may be just.’ While we recognize that ordinarily a joint tort-feasor against whom a judgment has been entered has no absolute right to preclude a separate trial against his codefendants so as to preserve to him contribution under section 211-a of the Civil Practice Act, we do conclude that in the unusual posture of this case it would be ‘ just ’ and in the interests of consistency with respect to damages to deny a severance. However, the liability of the appellants having been determined their participation in the trial must necessarily be restricted to the issue of damages. Since our determination would delay the entry of a judgment against the appellants until the conclusion of the trial, the plaintiff should be permitted to move for a trial preference if he is so advised.”
Accordingly, the court’s decision granting nummary judgment and ordering a severance of the action is modified to the extent that a severance of the action is denied. In the interest of justice. and pursuant to the provisions of rule 151 of the Buies of Civil Practice, a preference in the trial of the action is granted and the action is set down for trial on the Beady Day Calendar for November 14, 1960, for the selection of a jury. However, the liability of the defendant Pack having been determined, his participation in the trial must necessarily be restricted to the issues of damages. 'Settle order in accordance with the terms of this decision.